IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN JAMES, PRO SE, | § | |
| TDCJ-CID No. 1700754, | § | |
| Previous TDCJ-CID No. 1177921, | § | |
| Previous TDCJ-CID No. 1421694, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:14-CV-0225 |
| | § | |
| Senior Warden NORRIS JACKSON, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff JOHN JAMES, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff alleges defendant JACKSON, Senior Warden of the Jordan Unit, has ordered that officers strip search plaintiff and about 100 other inmates[1] in retaliation for inmates getting on his nerves, to degrade plaintiff as if he were an animal, and that he allows an officer Tyler to strip search plaintiff even though plaintiff has filed grievances against Tyler for sexual assault, sexual harassment, and trying to establish a relationship.

In his January 23, 2015 response to the Court's Briefing Order Questionnaire, plaintiff states all of the G-4 medium custody inmates, including himself, are subject to this search

---

[1] Plaintiff's 10-29-2014 original complaint.

schedule[2]. Plaintiff says defendant Head Warden JACKSON "instituted a policy to be strip searched only when we enter our building" and the policy is only enforced when [JACKSON's] mad, only to punish & harass, and the policy was created when he was mad[3].

Plaintiff requests "judgment in [his] favor."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[4], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[5].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendant.

---

[2]Plaintiff's January 23, 2015 Questionnaire response to question nos. 2, 3, and 4.

[3]Plaintiff's Janiaru 23, 2015 Questionnare response to question nos. 7 and 8.

[4]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[5]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Initially, the Court notes that, although plaintiff complains the defendant has ordered that plaintiff be strip searched and that plaintiff claims to have been punished and degraded by these searches, plaintiff's January 23, 2015 responses to the Court's Questionnaire, and the grievances attached thereto, show plaintiff is challenging a strip search policy which is applied to all G-4 inmates, not to plaintiff in particular. In his January 23, 2015 response to Question no. 7 of the Questionnaire, plaintiff describes the strip search policy, stating defendant Warden JACKSON "instituted a policy to be strip searched only when we entered our building."

Although prisoners have a constitutional right to bodily privacy, that right is "minimal at best." *Tuft v. Texas*, 410 Fed.Appx. 770, 2011 WL 72198 (5th Cir., January 7, 2011), *citing Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002). Prisoners lose "those rights that are necessarily sacrificed to legitimate penological needs." *Tufts*, 410 Fed.Appx. At *5, *citing Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994). Searches and seizures conducted of prisoners must be reasonable under all the surrounding facts and circumstances. *Moore v. Carwell*, 168 F.34d 234, 237 (5th Cir. 1999). While prison officials have the burden to show a search was reasonable, that burden is light. *Waddleton v. Jackson*, 445 Fed.Appx. 808, 2011 WL 5025248 (5th Cir., October 21, 2011).

The Fourth Amendment test of reasonableness "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979)(citations omitted). The Fifth Circuit

"interpret[s] this statement of reasonableness as striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.'" *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994)(citation omitted).  The decisions of prison administrators regarding security are afforded great deference.  *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

In the instant case, plaintiff alleges, in conclusory fashion, that the challenged strip searches were done to punish, and not for security purposes.  He reasons that since no inmates were found with drugs or weapons, there is no justification for the searches.

Plaintiff contradicts these allegations in the Step 1 grievance he attached to his January 23, 2015 Questionnaire response.  That grievance begins with plaintiff's statement that the requirement that all G-4 inmates go through a strip-search before going to the dayroom, showers, church, or any other activity was triggered when some G-4 inmates were discovered in possession of home-made drinking alcohol or "hooch."  A strip search, including the exposure of body cavities for visual inspection, does not have to be based upon probable cause.  *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861, 1885, 60 L.Ed.2d 447 (1979); *accord United States v. York*, 578 F.2d 10-36, 1041 (5th Cir.), *cert. denied*, 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1978).  The discovery and confiscation of alcohol, drugs, or other contraband in the prison setting is a legitimate penological interest and is a reasonable justification for the searches plaintiff challenges.

As to the manner of such searches, plaintiff does not like the fact that the searches are conducted on the run instead of inside each inmate's cell.  The fact that strip searches are carried out in non-secluded areas of the prison, such as the on the run in the dayroom, does not make

those searches unconstitutional.  *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002).

Plaintiff has also complained that an Officer Tyler is allowed to strip search plaintiff even though plaintiff has filed grievances[6] about Officer Tyler for sexual assault, sexual harassment, and trying to establish a relationship.  The acts of subordinates will not support any individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by defendant Warden JACKSON.  Further, his allegation that he has filed one or more grievances against Officer Tyler does not show any personal knowledge by defendant Warden JACKSON as to those grievances or the truth of plaintiff's accusations concerning Officer Tyler.  Consequently, plaintiff's allegations in this respect fail to state a claim on which relief can be granted.

Plaintiff's various claims lack and arguable basis in law and are frivolous, *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or fails to state a claim on which relief can be granted.

---

[6]Plaintiff's grievance attached to his January 23, 2015 Questionnaire response includes this complaint, and the grievance shows it was investigated and no evidence was found to substantiate plaintiff's grievance.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the Recommendation of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOHN JAMES be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of February, 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).